**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| AJEE JORDAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3496 |
| | § | |
| CHEVRON U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION TO DISMISS

Ajee Jordan has sued Chevron USA, Inc., alleging that he suffered a head injury from a falling beam while cleaning a chemical storage tank as a contract worker at Chevron's plant and that Chevron negligently caused his injury by failing to ensure the tank was safe, failing to maintain the tank, and failing to warn of the hazard. (Docket Entry No. 1-2 at 2–4). Chevron has moved to dismiss for failure to allege sufficient facts to state a plausible claim for relief. (Docket Entry No. 11). Jordan has responded, arguing that his allegations are sufficient to state a plausible claim, and alternatively requesting leave to amend. (Docket Entry No. 13). After a careful review of the pleadings, the motion, response, and the applicable law, the court grants the motion to dismiss, without prejudice and with leave to amend no later than November 30, 2018.

## I.    Background

In 2018, Chevron contracted with USA DeBusk, Jordan's employer, to clean the inside of storage tanks at a Chevron-owned refinery in Pascagoula, Mississippi. (Docket Entry No. 1-2 at 2). In May 2018, Jordan was cleaning a tank when a ceiling beam fell and hit him on the head. (*Id.*). Jordan suffered severe injuries to his head, neck, and back. (*Id.* at 4).

Jordan sued Chevron in the 281st Judicial District Court of Harris County, Texas, alleging

that Chevron had failed to ensure that the premises were safe, failed to warn him of danger, and failed to create or enforce safety rules. (*Id.* at 2–5). Jordan alleged that Chevron "had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference." (*Id.* at 4). He asserted claims of negligence and gross negligence, seeking punitive damages and past and future damages for physical pain and suffering, mental anguish, physical impairment, medical expenses, loss of consortium, loss of earning capacity, and loss of household services. (*Id.* at 3–4).

Chevron removed from state to federal court, alleging that the parties were diverse and that Jordan's complaint makes it "facially apparent . . . that the amount in controversy in this case exceeds $75,000." (Docket Entry No. 1 at 3). Shortly after removal, Chevron moved to dismiss for failure to allege a plausible claim under Texas law. (Docket Entry No. 11). Chevron argued that Texas Civil Practices and Remedies Code Chapter 95 applies to Jordan's negligence claims and that his complaint did not allege facts sufficient to demonstrate that Chevron either controlled his work or knew of the condition or danger that caused his injury, as Chapter 95 requires. (*Id.* at 2). Chevron alternatively argued that the complaint failed to allege facts sufficient to show that Chevron exercised substantial control over Jordan's work, a necessary element of negligence or gross negligence claims under Mississippi law. (Docket Entry No. 11 at 8–9 n.3 & n.4).

Jordan responded that Chapter 95 did not apply to his claims and, even if it did, that the complaint alleged sufficient facts to state a plausible negligence claim under Texas law. (Docket Entry No. 13 at 1–2). He attached an affidavit that the court cannot consider in deciding this motion to dismiss. (Docket Entry No. 13-1). Jordan asked for leave to amend if the court found his complaint insufficient. (Docket Entry No. 13 at 16). The parties' arguments, the record, and the applicable case law are considered below.

## II.    Subject-Matter Jurisdiction

While Jordan does not challenge jurisdiction, this court must examine subject-matter jurisdiction on its own, "if necessary." *Smith v. Tex. Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999) (citing *Williams v. Chater*, 87 F.3d 702, 704 (5th Cir. 1996)). Chevron removed this case based on diversity.

A district court has "original jurisdiction" of a civil action "where the matter in controversy exceeds the sum or value of $75,000" and the action is between "citizens of different States." 28 U.S.C. § 1332(a). The parties are diverse because Chevron is incorporated in Pennsylvania and has its principal place of business in California, (Docket Entry No. 1-5), and Jordan is a Texas resident, (Docket Entry 1-2 at 3). *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

It is less clear whether the amount in controversy exceeds $75,000. In examining the amount-in-controversy requirement, "[t]he state court petition is usually consulted," and the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-cv-474, 2016 WL 8931300, at *3 (E.D. Tex. Apr. 8, 2016) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014); *Danial v. Daniels*, 162 F. App'x 288, 290 (5th Cir. 2006)). The Texas Rules of Civil Procedure list damage ranges and require that plaintiffs plead the range their action falls under. TEX. R. CIV. P. 47(c). If the petition does not specify the amount in controversy, the removing party must establish by a preponderance of the evidence that the amount exceeds $75,000. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). "To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims could probably exceed $75,000 or by establishing the facts in controversy in the removal

petition or an accompanying affidavit to show that the amount-in-controversy is met." *Id.* at 773–74

(quoting *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)).  The court may only

consider damages claimed at the time of removal, and removal "cannot be based simply upon

conclusory allegations." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Jordan's complaint does not state an amount in controversy or a damages range.  The

complaint alleged that Jordan suffered severe injures to his head, neck, and back, and it sought

punitive damages and past and future damages for physical pain and suffering, mental anguish,

physical impairment, medical expenses, loss of consortium, loss of earning capacity, and loss of

household services.  (Docket Entry No. 1-2 at 2–4).  It is facially apparent that the amount in

controversy exceeds $75,000.  *See Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294–95 (5th

Cir. 2011); *Pollet v. Sears Roebuck & Co.*, No. 01-31309, 2002 WL 1939917, at *3–*4 (5th Cir. July

18, 2002); *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883–84 (5th Cir. 2000); *Luckett v. Delta

Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

### III.    Choice of Law

The parties argue about whether the complaint states a plausible claim under Texas Civil

Practice and Remedies Code Chapter 95, (Docket Entry No. 11 at 2), but the threshold issue is

whether Texas or Mississippi law applies.  Chevron contends that the court need not worry because

Texas and Mississippi law are the same on a property owner's liability for injuries to an independent

contractor.  (Docket Entry No. 11 at 8 n.3).  Under Texas's choice-of-law rule,[1] Mississippi law

applies.

---

[1] This court applies Texas's conflict rules in diversity actions. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)

Texas has adopted the conflict-of-law principles in the Restatement (Second) of Conflict of Laws, which directs courts to apply the law of the state with the "most significant relationship" with the "particular substantive issue." *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 646–47 (Tex. 1995) (citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)). The Restatement (Second) sets out general factors relevant to the choice of law:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in determination and application of the law to be applied.

*Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000) (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6(2) (1971)). For tort issues, the Restatement (Second) states:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in s. 6.
>
> (2) Contacts to be taken into account in applying the principles of s. 6 to determine the law applicable to an issue include:
>
> > (a) the place where the injury occurred,
> > (b) the place where the conduct causing the injury occurred,
> > (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> > (d) the place where the relationship, if any, between the parties is centered
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex. 1979) (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145).

Jordan's injury and Chevron's allegedly negligent conduct occurred in Mississippi. Their relationship was centered in Mississippi, where Jordan was sent to clean the tanks at Chevron's refinery. Mississippi has an important interest in preventing workplace injuries at refineries within its boundaries. Absent a choice-of-law agreement, which neither party alleges, litigants would expect Mississippi law to apply to a tort action, like this one, arising in the state. The only relationship that Texas has with this litigation is that Jordan resides and sued there. Because Mississippi has the most significant relationship to Jordan's negligence and gross negligence claims, its law applies, whether or not it differs from Texas law.

## IV.    The Motion to Dismiss

### a.    The Standard of Review

Rule 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation and alteration omitted).

In considering a motion to dismiss under Rule 12(b)(6), "a district court must limit itself to the contents of the pleadings, including attachments." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [the] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The court may also "take judicial notice of matters of public record." *Norris*, 500 F.3d at 461 n.9.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains*

*Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend as futile if an amended complaint would fail to state a claim upon which relief could be granted. *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Id.*

**b.    Analysis**

Chevron argued that Jordan failed to allege facts sufficient to state a plausible claim of negligence or gross negligence under Mississippi law. (Docket Entry No. 11 at 9 n.4). Jordan responded that he had alleged facts sufficient to state a plausible claim, and attached his affidavit to the motion. (Docket Entry Nos. 13 at 10–16, 13-1). Because the complaint did not refer to Jordan's affidavit, this court cannot consider it without converting the motion to dismiss into one for summary judgment. FED. R. CIV. P. 12(d). The court declines to consider the affidavit or convert the motion. *See Isquith for and on Behalf of Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 (5th Cir. 1988) ("[W]hen non-pleading materials are filed with a motion to dismiss, . . . a district court has complete discretion under the Federal Rules of Civil Procedure to either accept the exhibits submitted or not, as it sees fit.").

Chevron contends that Jordan "cannot state a claim under Mississippi law" because "the general rule in Mississippi 'is that the owner of the premises does not have a duty to protect an independent contractor against risks arising from or intimately connected with the work.'" (Docket Entry No. 11 at 8 n.3 (quoting *Coho Res., Inc. v. Chapman*, 913 So. 2d 899, 906 (Miss. 2005))).

8

Chevron admits that Mississippi law recognizes an exception when "'the owner maintains substantial de jure or de facto control over the work to be performed,'" but Chevron argues that Jordan does not qualify because he has not pleaded facts that, if proven, would show Chevron's control. (*Id.* (quoting *Chapman*, 913 So. 2d at 906)). Chevron also argues that Jordan has alleged no facts showing "'willful or malicious wrong or the gross, reckless disregard for the rights of others.'" (*Id.* at 9 n.4 (quoting *Ross-King-Walker, Inc. v. Henson*, 672 So. 2d 1188, 1192 (Miss. 1996))).

To state a negligence claim, Jordan must allege facts supporting that Chevron owed him a duty, that Chevron breached that duty, that the breach caused him injury, and that he incurred damages. *Wilbanks v. Hickman*, 198 So. 3d 393, 397 (Miss. Ct. App. 2016). To state a gross negligence claim, Jordan must allege facts showing a "course of conduct which, under the circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *McDonald v. Lemon-Mohler Ins. Agency, LLC*, 183 So. 3d 118, 126 (Miss. Ct. App. 2015) (quoting *Dame v. Estes*, 101 S. 2d 644, 645 (1958)).

As to gross negligence, Jordan alleges that Chevron "had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including [Jordan]." (Docket Entry 1-2 at 4). These "mere conclusory statements," without more, are insufficient to state a plausible claim for relief under Rules 8 and 12. *Iqbal*, 556 U.S. at 678. The gross negligence claim is dismissed, without prejudice and with leave to amend.

The Mississippi law on negligence does not impose a duty on a property owner "to protect an independent contractor against risks arising from or intimately connected with the work," unless the "owner maintains substantial de jure or defacto control over the work." *Coho Res., Inc. v.*

9

*McCarthy*, 829 So. 2d 1, 13 (Miss. 2002). This rule "is based on the theory that the [owner] does not possess the power of controlling the person employed as to the details of the work." *Ingalls Shipbuilding Corp. v. McDougald*, 228 So. 2d 365, 367 (Miss. 1969).

"Although an owner is not liable for injuries sustained by an employee of an independent contractor, caused by the negligence of such independent contractor, an owner is liable to employees of an independent contractor for his own negligence." *McCarthy*, 829 So. 2d at 13. The owner "owes a duty to an independent contractor and the latter's employees to furnish a reasonably safe place to work" or to "warn of any latent danger." *Miss. Chem. Corp. v. Rogers*, 368 So. 2d 220, 222 (Miss. 1979). An owner, however, need not inform "an independent contractor of a danger at the work site if the independent contractor knows of that danger." *Grammar v. Dollar*, 911 So. 2d 619, 622 (Miss. Ct. App. 2005) (citing *Rogers*, 368 So. 2d at 222); *see* MISS. CODE ANN. § 11-1-66 ("No owner . . . of property shall be liable for the death or injury of an independent contractor or the independent contractor's employees resulting from dangers of which the contractor knew or reasonably should have known."). "Once the contractor is aware of the danger, 'the ensuing duty to warn or otherwise protect those individuals on the property as employees and agents of the contractor rests solely with the contractor.'" *Saranthus v. Health Mgmt. Assocs., Inc.*, 56 So. 3d 1274, 1276 (Miss. Ct. App. 2011) (alteration omitted) (quoting *Bevis v. Linkous Constr. Co., Inc.*, 856 So. 2d 535, 539 (Miss. Ct. App. 2003)).

Jordan's complaint alleged that a ceiling beam fell and injured him while he was cleaning Chevron's storage tank, and that Chevron failed to ensure that the premises were safe or to warn Jordan of danger. (Docket Entry No. 1-2 at 2). The complaint contains no allegations on the condition of the roof beams in the area, Chevron's knowledge that the beams posed a danger,

10

Chevron's control over Jordan, the scope of Jordan's work, any warnings Chevron gave DeBusk, or any other facts showing that DeBusk and Jordan neither knew nor should have known that the ceiling beams posed a danger. Jordan's allegations are insufficient for "the court to draw the reasonable inference that [Chevron] is liable for the misconduct alleged," because the complaint does not allege facts sufficient to conclude that Chevron knew or should have known of the danger the ceiling beams posed or that DeBusk did not know of the danger. *Iqbal*, 556 U.S. at 678. Jordan's negligence claim is dismissed, without prejudice and with leave to amend.

Jordan's affidavit does not preclude dismissal, but it suggests that pleading amendment would not be futile. (Docket Entry No. 13-1 at 1).

## V.    Conclusion

The motion to dismiss is granted, (Docket Entry No. 11), without prejudice and with leave to amend by November 30, 2018.

SIGNED on November 1, 2018, in Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge