# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| AJEE JORDAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3496 |
| | § | |
| CHEVRON U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Ajee Jordan has sued Chevron U.S.A., Inc., alleging that he suffered a severe head injury while cleaning one of Chevron's storage tanks at a facility in Mississippi. Jordan alleges that a ceiling beam fell from the tank's roof and hit his head. He asserts negligence and gross-negligence claims, alleging that Chevron failed to warn him or his then-employer, USA DeBusk, that the ceiling beams were unstable and dangerous. This court dismissed Jordan's original complaint for failure to state a claim, with leave to amend. Jordan amended his complaint, and Chevron has again moved to dismiss. (Docket Entry No. 17). Chevron argues that Jordan's statements in an affidavit prove that he knew the ceiling beams were at risk of falling. Jordan responded that his affidavit is not properly considered on a motion to dismiss and that his amended complaint states a claim under Mississippi law. (Docket Entry No. 19). Chevron replied. (Docket Entry No. 20). The court heard oral argument on the motion.

After carefully reviewing the record; the motion; the response and reply; the applicable law; and the arguments of counsel, the court denies Chevron's motion to dismiss, but allows Chevron to

reassert its arguments based on Jordan's affidavit and his knowledge on summary judgment.[1] The reasons are explained in detail below.

I.      **Background**

In 2018, Chevron contracted with DeBusk to have it clean large, industrial storage tanks at the refinery in Pascagoula, Mississippi that Chevron owned, operated, and maintained. Jordan, a DeBusk employee at the time, was sent to do the cleaning in May 2018. When Jordan arrived, Chevron instructed him to powerwash certain areas of a storage tank, including its ceiling. (Docket Entry No. 16 at 2–3). Chevron gave Jordan access to manlifts so that he could get up to the ceiling. *Id.* While Jordan was on the manlift, powerwashing the tank's ceiling, a beam came loose and fell, hitting his head. *Id.* The size or weight of the beam is unknown.

Jordan sued Chevron in the 281st Judicial District Court of Harris County, Texas, alleging that Chevron had failed to ensure that the storage tanks were safe, failed to warn him or his employer of danger, and failed to create or enforce safety rules. (Docket Entry No. 1-2 at 2–5). Jordan alleged that Chevron "had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference." (*Id.* at 4). He asserted negligence and gross-negligence claims, seeking punitive damages and past and future damages for physical pain and suffering, mental anguish, physical impairment, medical expenses, loss of consortium, loss of earning capacity, and loss of household services. (*Id.* at 3–4).

Chevron timely removed to federal court. Shortly after removal, Chevron moved to dismiss for failure to allege a plausible claim under Texas law. (Docket Entry No. 11). Jordan responded

---

[1] This approach of denying the motion to dismiss and having the parties submit a summary judgement motion and response after targeted discovery, achieves the same result as converting the motion to dismiss to a motion for summary judgment, but in a cleaner and clearer manner.

2

that his complaint alleged sufficient facts to state plausible negligence and gross-negligence claims under Texas law, but he requested leave to amend if the court found that his complaint did not state a claim. (Docket Entry No. 13). Jordan submitted his affidavit with his response. (Docket Entry No. 13-1). The court granted Chevron's motion to dismiss, without prejudice and with leave to amend, finding that Mississippi law applied and that Jordan's complaint had not alleged sufficient facts to state a negligence or gross-negligence claim under Mississippi law. (Docket Entry No. 14 at 8–11). In reaching this decision, the court declined to consider Jordan's affidavit because it was not central to or referred to in his complaint, and because the circumstances did not justify converting the motion to dismiss into one for summary judgment. (*Id.* at 8).

Jordan amended his complaint, alleging that Chevron instructed him to powerwash certain parts of the storage tanks, giving him equipment to do so; that Chevron owned, operated, and maintained the tanks; that neither Jordan nor DeBusk knew that the beams were unstable or dangerous; that Chevron was aware that the beams had not been secured to the ceiling; and that Chevron did not warn them about the ceiling beams or post warning signs. (Docket Entry No. 16 at 2–3). Jordan's negligence claim was based on Chevron's alleged failure to create and enforce safety rules, to institute precautionary measures, and to inspect and maintain the storage tank. (*Id.* at 4). His gross-negligence claim was based on Chevron instructing Jordan to powerwash the tank's ceiling despite allegedly having "actual subjective awareness of the risk involved." (*Id.* at 4–5).

Chevron moved to dismiss the amended complaint, arguing that Jordan's affidavit admitted knowledge that the beams were unstable and at risk of falling. (Docket Entry No. 17 at 1). This admission, Chevron contended, precludes Jordan from succeeding on his claims under Mississippi law. (*Id.* at 4–5). Jordan responded by arguing that the court must take the well-pleaded allegations

3

in his amended complaint as true, without looking at his affidavit; that his affidavit does not support an inference or a plausible claim that he knew the beams might fall; and that Mississippi law recognizes a duty of premise owners to provide a reasonably safe workplace for contractors if they exercise substantial *de jure* or *de facto* control over them. (Docket Entry No. 19 at 4–5, 12–13, 18–19). Chevron replied, arguing that the court may consider Jordan's affidavit without converting the motion into one for summary judgment and that Jordan's affidavit admissions cause his claims to fail under Mississippi law. (Docket Entry No. 20 at 1).

The parties' arguments, the record, and the applicable law are considered below.

## II.     Legal Standard

Rule 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and

conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation and alteration omitted).

In considering a motion to dismiss for failure to state a claim, the court is to consider "the contents of the pleadings, including attachments." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents attached to a motion to dismiss "considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The court may also "take judicial notice of matters of public record." *Norris*, 500 F.3d at 461 n.9.

**III. Analysis**

Under Mississippi law, property owners must provide "a reasonably safe place to work or give warning of danger" to individuals invited to their property for business purposes, including independent contractors. *Wilbanks v. Hickman*, 198 So. 3d 393, 397 (Miss. Ct. App. 2016) (quoting *Nelson v. Sanderson Farms, Inc.*, 969 So. 2d 45, 50 (Miss. Ct. App. 2006)); *see Grammar v. Dollar*,

5

911 So. 2d 619, 622 (Miss. Ct. App. 2005) ("An employer is under a duty to provide an independent contracts with a reasonably safe work environment or give warning of danger."). Property owners also have "to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Wilbanks*, 198 So. 3d at 397 (quoting *Pigg v. Express Hotel Partners*, 991 So. 2d 1197, 1200 (Miss. 2008)). "[T]o establish liability based on an undisclosed dangerous condition, [the invitee] must show that [the property owner] had actual or constructive knowledge of the dangerous condition, or [that the property owner] created the dangerous condition." *Id.* at 398 (citing *Jacox v. Circus Circus Miss., Inc.*, 908 So. 2d 181, 184–85 (Miss Ct. App. 2005)). "Constructive knowledge is established by proof that the dangerous condition existed for such a length of time that, in the exercise of reasonable care, the [property owner] should have known of that condition." *Id.* (citing *Jacox*, 908 So. 2d at 184–85).

A statutory exception makes a property owner not liable "for injuries to an independent contractor that 'result from dangers of which the contractor knew or reasonably should have known.'"[2] *Id.* at 397–98 (alteration omitted) (quoting MISS. CODE. ANN. § 11-1-66). Nor can a property owner be held liable for an independent contractor's injuries that "arose out of or were intimately connected with the work," unless the property owner maintained "substantial de jure or de facto control over the work to be performed." *Coho Res., Inc. v. Chapman*, 913 So. 2d 899, 905–06 (Miss. 2005) (quoting *Magee v. Transcon. Gas Pipe Line Corp.*, 551 So. 2d 182, 185 (Miss. 1989)).

---

[2] This exception existed in Mississippi common law before it was codified. "[K]nowledge of danger by an independent contractor relieves the owner from the duty of warning the independent contractor or his employees. *Miss. Chem. Corp. v. Rogers*, 368 So. 2d 220, 222 (Miss. 1979); *see also Jackson Ready-Mix Concrete v. Sexton*, 235 So. 2d 267, 271 (Miss. 1970); *McSwain v. Sys. Energy Res., Inc.*, 97 So. 3d 102, 108 (Miss. Ct. App. 2012); *Grammar*, 911 So. 2d at 622–23.

Chevron raised the statutory exception as a defense. Chevron has the initial burden to show that Jordan "worked for an independent contractor and knew or reasonably should have known of the danger that caused his injury." *Tanner v. Roseburg Forest Prods. S., Ltd. P'ship*, 185 So. 3d 1062, 1064 (Miss. Ct. App. 2016). If Chevron meets this burden, Jordan "must show that he was not aware of the dangerous condition of the [ceiling beam]." *Id.*

A.      **The Affidavit**

Jordan's amended complaint alleged that he knew nothing about the beams' maintenance or their risk of falling, but Chevron did. (Docket Entry No. 16 at 2–3). Chevron contended that Jordan has admitted his knowledge that the beams were unstable and dangerous, pointing to the affidavit that Jordan submitted with his response to the first motion to dismiss, and that the statutory exception bars any liability for Jordan's injuries.

In ruling on Chevron's first motion to dismiss, the court declined to consider Jordan's affidavit. (Docket Entry No. 14 at 8). In the second motion to dismiss, Chevron offered multiple theories as to why Jordan's affidavit should be considered and forecloses his allegation that he did not know that the beams were unstable and at risk of falling.

Chevron contended that judicial estoppel bars Jordan from taking the position that he did not know of the beams' condition. "The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012). In determining whether to apply judicial estoppel, the court must examine whether: (1) "the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position"; (2) "a court accepted the prior position"; and (3) "the

7

party did not act inadvertently." *Id.* (quoting *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc)). Judicial estoppel "is not governed by 'inflexible prerequisites or an exhaustive formula for determining its applicability,' and numerous considerations 'may inform the doctrine's application in specific factual contexts.'" *Id.* (alteration omitted) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)).

Chevron argued that Jordan took the legal position that he knew of the beams' condition in his affidavit, and that court accepted this position in the November Order in the statement that: "Jordan's affidavit does not preclude dismissal, but it suggests that pleading amendment would not be futile." (Docket Entry No. 14 at 11). In granting leave to amend, the court declined to rely on, or accept the allegations in, Jordan's affidavit. (*See* Docket Entry No. 14 at 8 ("The court declines to consider the affidavit or convert the motion.")). Because a plaintiff must generally receive at least one chance to amend absent a clear showing of futility, the court granted Jordan leave to amend his complaint. *See Irvin v. Masters Adv. Remediation Servs., Inc.*, H-16-2488, 2016 WL 7406750, at *2 (S.D. Tex. Dec. 22, 2016) ("When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile." (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). The court noted the affidavit only to support the absence of a futility showing, because the affidavit showed that Jordan had additional facts that could be alleged in an amended complaint. The court did not accept or rely on any statements in Jordan's affidavit. Judicial estoppel does not apply. *See Allen v. C & H Distrib., L.L.C.*, 813 F.3d 566 (5th Cir. 2015) ("Absent judicial acceptance of the inconsistent position, application of the rule is unwarranted because no risk of inconsistent result exists."

8

(quotation omitted)).

Chevron argues that the court may consider Jordan's affidavit as incorporated into the amended complaint because the amended complaint included "passages from his Affidavit" and "the issue of knowledge is central to his claim." (Docket Entry No. 17 at 6–7). "On a Rule 12(b)(6) motion, a district court generally must limit itself to the contents of the pleadings, including attachments." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (quotation omitted). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Id.*; *see, e.g.*, *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("[B]ecause the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss."). A district court errs by considering evidence "outside the pleadings—and not referred to therein—without converting the motion to dismiss into a motion for summary judgment." *Brand Coupon*, 748 F.3d at 635; *see also Katrina Canal Breaches*, 495 F.3d at 205 ("Generally, in deciding a motion to dismiss for failure to state a claim, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. (quotation omitted)).

Jordan's amended complaint does not refer to his affidavit, and the affidavit itself is not central to his claims. While his amended complaint and affidavit contain the same or similar factual allegations about what happened on the day of his injury, the similarity between a complaint and another document does not justify using that other document to grant a motion to dismiss. Again, the court declines to consider Jordan's affidavit in deciding Chevron's second motion to dismiss

9

because it is not central to, or referred to in, his complaint. *See Collins*, 224 F.3d at 498–99; *Isquith for and on Behalf of Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 (5th Cir. 1988) ("[W]hen non-pleading materials are filed with a motion to dismiss, . . . a district court has complete discretion under the Federal Rules of Civil Procedure to either accept the exhibits submitted or not, as it sees fit."). Neither Chevron nor Jordan has asked this court to convert the motion to dismiss into one for summary judgment. To the contrary, Jordan asked that the court not do so because there has been no discovery. (Docket Entry No. 19 at 9). The court declines to convert the motion into one for summary judgment.

Chevron argued that Jordan's affidavit contains a judicial admission of his knowledge that the beams were at risk of falling. "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *ExxonMobil Corp. v. Elec. Reliability Servs., Inc.*, 868 F.3d 408, 422 n.4 (5th Cir. 2017) (quoting *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)); *see, e.g.*, *McCreary v. Richardson*, 738 F.3d 651, 659 n.5 (5th Cir. 2013) ("[F]actual statements in the pleadings constitute binding judicial admissions . . . , or at the very least adverse evidentiary admissions."). A judicial admission has "the effect of withdrawing a fact from contention." *Id.* (quoting *Bally's*, 244 F.3d at 476). "By contrast, an ordinary evidentiary admission is 'merely a statement of assertion or concession made for some independent purpose,' and it may be controverted or explained by the party who made it." *Bally's La.*, 244 F.3d at 476–77 (quoting *McNamra v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959)). Because Jordan's affidavit cannot be properly considered on Chevron's second motion to dismiss, the court need not rule on whether Jordan's affidavit contains a concession that he knew that the beams were at risk of falling. That issue remains for another day, for decision on an expanded record and on a

10

summary judgment motion and response that properly address Jordan's affidavit.

## B. Failure to State a Claim

Chevron argued that Jordan's amended complaint failed to state a claim because his affidavit contained an admission that he knew that the beams were unstable and might fall. (Docket Entry No. 17 at 9). Chevron contends that Jordan was in the best position to avoid the injury because no "Chevron employee was with him in the tank at the time of the alleged incident" and DeBusk, Jordan's employer, "is an expert in industrial services, such as cleaning crude oil storage tanks." (*Id.*). As discussed, the court cannot consider Jordan's affidavit at this stage of the litigation. Chevron does not argue that Jordan's amended complaint alleges insufficient factual allegations to state a plausible negligence claim under Mississippi law. The court nonetheless considers whether Jordan has alleged sufficient facts to support plausible claims of negligence and gross negligence.

Jordan's amended complaint alleged that neither Jordan nor DeBusk knew that the beams were unstable, dangerous, or at risk of falling; that Chevron instructed Jordan to powerwash certain parts of the storage tank using a manlift, including the ceiling; that Chevron did not warn him about the ceiling beams, or post warning signs; that Chevron owned, maintained, controlled, repaired and tested the storage tank; that Chevron "was aware" that the beams had not been maintained or secured to the tank's ceiling; and that Chevron directed Jordan to powerwash the beams, "knowing that the beams could break off and fall." (Docket Entry No. 16 at 2–3). Accepting these allegations as true for the purposes of the motion to dismiss, the allegations show that Chevron maintained the storage tank, had not secured the beams to the tank's ceiling, and instructed Jordan to powerwash the beams from a nearby manlift. Because the allegations are that Chevron was aware that the ceiling beams had not been secured, but Jordan was not, the court lacks a basis to conclude that Chevron qualifies

for an exception from the duty to provide "a reasonably safe place to work or give warning of danger." *Wilbanks*, 198 So. 3d at 397 (quotation omitted).

Chevron's motion to dismiss is denied, without prejudice. Its arguments about Jordan's knowledge require an inquiry into what Jordan saw, heard, and said in May 2018; what Chevron's employees told him; the circumstances of Jordan's employment; the conditions of the storage tank and the ceiling beams; and the events leading to the incident. These questions are better addressed a summary judgment motion that presents an expanded record.

**IV. Conclusion**

Chevron's motion to dismiss is denied. (Docket Entry No. 17). The parties must complete the necessary discovery on Jordan's and Chevron's knowledge of the beams' condition, and on Chevron's control over Jordan's work, no later than **May 10**, **2019**. Chevron must file a motion for partial summary judgment no later than **May 31**, **2019**, and Jordan must respond no later than **June 21**, **2019**. The court will hear argument on this motion on **July 8**, **2019**, **at 3:00 p.m.**, in Courtroom 11-B, United States Courthouse, 515 Rusk Street, Houston, Texas.

SIGNED on February 12, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge